**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| OPT OUT SERVICES LLC<br>P.O. Box 600344<br>Jacksonville, Florida 32260,<br><br>     Plaintiff,<br><br>v.<br><br>optoutprescreened.com,<br>optoutprescreening.com,<br>optoutpre-screen.com,<br>wwwoptoutprescreen.com,<br>poptoutprescreen.com,<br>opt-outprescreen.com,<br><br>     Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff Opt Out Services LLC ("Opt Out Services"), through counsel, alleges as follows for its *in rem* Complaint against Defendants optoutprescreened.com, optoutprescreening.com, optoutpre-screen.com, wwwoptoutprescreen.com, poptoutprescreen.com, and opt-outprescreen.com (the "Domain Names").

## NATURE OF THE SUIT

1.       This is an *in rem* action for cybersquatting under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a).

2.       Recent studies have shown that over 95% of the 500 most popular sites on the Internet are the subject of "typosquatting"—registration or use of a domain name that represents a typographical error of the legitimate site—and which is typically used to display

advertisements related to the legitimate site, to distribute computer viruses or "malware," or to collect visitors' personal information for inappropriate or illegal uses.

3.      Typosquatting harms consumers by causing confusion with the legitimate sites being sought by the consumers and very often results in consumers' computers being infected with computer viruses, "bloatware" or other unwanted software, consumers' personal information being collected and misused, and/or consumers being presented with an endless stream of unwanted advertisements.

4.      In the present case, Plaintiff's invaluable rights in the distinctive OptOutPrescreen mark have been deliberately infringed through the bad faith registration and use of the Defendant Domain Names, which domain names are confusingly similar to the OptOutPrescreen mark.

<u>**PARTIES**</u>

5.      Opt Out Services is a limited liability company organized and existing under the laws of Delaware with a principal business address of 12276 San Jose Blvd., Suite 427, Jacksonville, Florida 32223.

6.      optoutprescreened.com is an Internet domain name which, according to records in the whois database of domain name registrations, is registered by "Savvy Investments, LLC Privacy ID #987619". A copy of the domain name registration record for optoutprescreened.com is attached as Exhibit 1.

7.      optoutprescreening.com is an Internet domain name which, according to records in the whois database of domain name registrations, is registered by "Vietnam Domain Privacy Services". A copy of the domain name registration record for optoutprescreening.com is attached as Exhibit 2.

8.      optoutpre-screen.com is an Internet domain name which, according to records in the whois database of domain name registrations, is registered by "Vietnam Domain Privacy Services".  A copy of the domain name registration record for optoutpre-screen.com is attached as Exhibit 3.

9.      wwwoptoutprescreen.com is an Internet domain name which, according to records in the whois database of domain name registrations, is registered by "Savvy Investments, LLC Privacy ID #1120521".  A copy of the domain name registration record for wwwoptoutprescreen.com is attached as Exhibit 4.

10.     poptoutprescreen.com is an Internet domain name which, according to records in the whois database of domain name registrations, is registered by "Domain May Be for Sale, Check Afternic.com Domain Admin".  A copy of the domain name registration record for poptoutprescreen.com is attached as Exhibit 5.

11.     opt-outprescreen.com is an Internet domain name which, according to records in the whois database of domain name registrations, is registered by "Registration Private".  A copy of the domain name registration record for opt-outprescreen.com is attached as Exhibit 6.

## JURISDICTION, VENUE AND JOINDER

12.     This is a civil action for federal cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) and for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a).

13.     This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

14.     This Court has *in rem* jurisdiction over the Defendant Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A).   *In rem* jurisdiction is appropriate under 15 U.S.C. §

1125(d)(2)(A)(ii) because the listed registrant of the Defendant Domain Names is either a privacy service, a fictitious person/entity, and/or an individual residing outside the United States, and therefore Plaintiff cannot obtain in personam jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A) and/or Plaintiff, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

15.     Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), Opt Out Services will give notice of the violations of Opt Out Services's rights, and Opt Out Services's intent to proceed *in rem*, to the postal and e-mail addresses set forth in the registration records for each of the Defendant Domain Names.

16.     Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) in that the .COM domain name registry operator, VeriSign, Inc., is situated in this judicial district, and the Defendant Domain Names are all .COM domain names.

17.     Joinder of the Defendant Domain Names is proper under Fed. R. Civ. P. 20(a)(2) in that the *in rem* cybersquatting and trademark infringement claims set forth herein arise out of the same series of transactions and the same questions of law are common to all of the Defendant Domain Names.

## OPT OUT SERVICES' RIGHTS

18.     Opt Out Services was created in 2004 to provide consumers with a centralized service to accept and process requests from consumers to "Opt-In" or "Opt-Out" of firm offers of credit or insurance in accordance with the Fair and Accurate Credit Transactions Act.  15 U.S.C. § 1681 et seq.

19.     Opt Out Services provides this service to consumers through a website and service available at www.optoutprescreen.com, and OptOutPrescreen is the only service/site authorized by the major Consumer Credit Reporting Companies and regularly promoted by the U.S. Federal Trade Commission ("FTC") and the Consumer Financial Protection Bureau ("CFPB") to provide this service.

20.     As a result of the promotion of the OptOutPrescreen mark and OptOutPrescreen.com domain name by Opt Out Services, the FTC, and the CFPB, and the corresponding media coverage, consumers immediately associated the OptOutPrescreen mark and the OptOutPrescreen.com domain name with Opt Out Services.

21.     Through promotion of OptOutPrescreen by Opt Out Services, the FTC, and the CFPB for nearly 15 years, the OptOutPrescreen mark has become famous and/or distinctive throughout the United States in connection with Opt Out Services's services.

22.     OptOutPrescreen.com averages over 24,000 site "hits" per day and had nearly 9,000,000 visitor sessions in 2018 alone.

23.     The Defendant Domain Names represent unauthorized colorable imitations of the OptOutPrescreen mark, which further demonstrates that the OptOutPrescreen mark has acquired distinctiveness and was famous and/or distinctive prior to the time of registration of the Defendant Domain Names.

24.     Consumers have come to distinguish and recognize the legitimacy of Opt Out Services' services as a result of the use and widespread promotion of the OptOutPrescreen mark, and the OptOutPrescreen mark is entitled to common law trademark rights.

25.    The OptOutPrescreen mark is also registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under incontestable registration number 4073252.  *See* Exhibit 7.

26.    Opt Out Services's federal registration for the OptOutPrescreen mark is *conclusive* evidence of the validity of the mark, of Opt Out Services's ownership of the mark, and of Opt Out Services's exclusive right to use the mark in U.S. commerce.

## UNLAWFUL REGISTRATION AND/OR USE OF THE DOMAIN NAMES

27.    The Defendant Domain Names represent typographical errors of OptOutPrescreen.  The registration and use of the Defendant Domain Names reflect a type of cybersquatting known as "typosquatting."

28.    Upon information and belief, the Defendant Domain Names were registered for the purpose of obtaining Internet visitors when such visitors make a typographical error on their keyboard when attempting to reach OptOutPrescreen.com by typing "OptOutPrescreen."

29.    The Defendant Domain Names are configured to display pay-per-click advertisements or to redirect visitors to third-party websites for sales solicitations—when the visitors were actually seeking the OptOutPrescreen service provided by Opt Out Services through OptOutPrescreen.com.

30.    Upon information and belief, the registrant(s) of the Defendant Domain Names receive compensation when Internet visitors, who are attempting to reach OptOutPrescreen.com, click on a link provided by a Defendant Domain Name to a third-party website and/or when the Internet visitors are automatically redirected by a Defendant Domain Name to a third-party website for a sales solicitation.

31. The use of the OptOutPrescreen mark within the Defendant Domain Names and/or associated websites is without authorization from Opt Out Services.

32. Upon information and belief, the Defendant Domain Names do not and cannot reflect the legal name of the registrant(s) of the Domain Names.

33. Upon information and belief, the registrant(s) of the Defendant Domain Names has not engaged in bona fide noncommercial or fair use of the OptOutPrescreen mark in a website accessible under the Domain Names.

34. The websites displayed by the registrant(s) of the Defendant Domain Names are likely to be confused with Opt Out Services' legitimate online location at optoutprescreen.com and actual consumer confusion is occurring in the marketplace.

35. Upon information and belief, the registrant(s) of the Defendant Domain Names registered the Domain Names with intent to divert consumers away from Opt Out Services' online location at optoutprescreen.com, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the Defendant Domain Names and the sites displayed through use of the Defendant Domain Names.

36. Upon information and belief, the registrant(s) of the Defendant Domain Names provided material and misleading false contact information when applying for and maintaining the registration of the Defendant Domain Names in that the person or entity identified as the registrant of the Defendant Domain Names is not the true owner of the Domain Names.

37. Upon information and belief, the registrant(s) of certain of the Defendant Domain Names use services that replace a domain name owner's contact information with names such as "Savvy Investments, LLC Privacy ID #987619", "Savvy Investments, LLC Privacy ID #1120521", "Vietnam Domain Privacy Services", and "Domain May Be for Sale, Check

Afternic.com Domain Admin" and thereby conceal the identity of the true owner(s) of the domain name.

38.     Upon information and belief, certain of the Defendant Domain Names were registered by the same person or entity and/or are under the control of the same person or entity.

## COUNT ONE:
### (Violation of the Federal Anti-Cybersquatting Consumer Protection Act)

39.     Opt Out Services repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

40.     Opt Out Services' federally registered OptOutPrescreen mark is famous and/or distinctive and was famous and/or distinctive prior to the time of registration of the Defendant Domain Names.

41.     The aforesaid acts by the registrant(s) of the Defendant Domain Names constitute registration, maintenance, trafficking in, or use of domain names that are confusingly similar to Opt Out Services' OptOutPrescreen mark, with bad faith intent to profit therefrom.

42.     In light of the registrant's concealment of the identities of the true owners of the Defendant Domain Names and/or the registrant's location outside the United States, Opt Out Services is not able to obtain *in personam* jurisdiction over the registrant(s) of the Defendant Domain Names or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

43.     Opt Out Services, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

44.     The aforesaid acts by the registrant(s) of the Domain Names constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

45.     The aforesaid acts have caused, and are causing, great and irreparable harm to Opt Out Services and the public.   The harm to Opt Out Services includes harm to the value and goodwill associated with the OptOutPrescreen mark that money cannot compensate.   Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.   Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Opt Out Services is entitled to an order transferring the Defendant domain name registrations to Opt Out Services.

## <u>COUNT TWO:</u>
### (In-Rem Trademark Infringement)

46.     Opt Out Services repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

47.     At the time the Defendant Domain Names were registered and/or used, Opt Out Services possessed valid federal trademark rights in the OptOutPrescreen mark.

48.     In light of the registrant's concealment of the identities of the true owners of the Defendant Domain Names and/or the registrant's location outside the United States, Opt Out Services is not able to obtain *in personam* jurisdiction over the registrant(s) of the Defendant Domain Names or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

49.     Opt Out Services, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

50.     The registration and use of the Defendant Domain Names are a use in commerce.

51.     The registration and use of the Defendant Domain Names affect Opt Out Services' ability to use its OptOutPrescreen mark in commerce.

52.     The Defendant Domain Names and their respective registrant(s) have no valid rights in the OptOutPrescreen mark.

53.    At the time the Defendant Domain Names were registered and/or used, the Defendant Domain Names and their respective registrant(s) were on actual and/or constructive notice, pursuant to Section 22 of the Lanham Act, 15 U.S.C. § 1072, of the existence of Opt Out Services' superior rights in its OptOutPrescreen mark by reason of the existence, at that time, of Opt Out Services' federal trademark rights.

54.    Use by the Defendant Domain Names and their respective registrant(s) of the OptOutPrescreen mark is without the permission or authorization of Opt Out Services.

55.    The registration and/or use of the Defendant Domain Names has caused and is likely to continue to cause confusion, mistake and/or deception among consumers and the public, leading the public falsely to believe that the Defendant Domain Names and/or websites provided thereunder are those of, are sponsored or approved by, or are in some way connected with Opt Out Services.

56.    The registration and use of the Defendant Domain Names constitute direct infringement of Opt Out Services' trademark rights in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

57.    The aforesaid acts have caused, and are causing, great and irreparable harm to Opt Out Services and the public.  The harm to Opt Out Services includes harm to the value and goodwill associated with the OptOutPrescreen mark that money cannot compensate.  Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

## **PRAYER FOR RELIEF**

WHEREFORE, Opt Out Services respectfully requests of this Court:

1.    That judgment be entered in favor of Opt Out Services on its claims of cybersquatting and trademark infringement.

2.      That the Court order the Defendant Domain Names be transferred to Opt Out Services through transfer by .com registry operator and/or registrars of the Defendant Domain Names to Opt Out Services' domain name registrar of choice and by such registrar's change of the registrant to Opt Out Services.

3.      That any other domain names registered by the registrant(s) of the Defendant Domain Names that resemble or include the OptOutPrescreen mark be transferred to Opt Out Services.

4.      That the Court order an award of costs and reasonable attorney's fees incurred by Opt Out Services in connection with this action pursuant to 15 U.S.C. § 1117(a); and

5.      That the Court order an award to Opt Out Services of such other and further relief as the Court may deem just and proper.


Dated: May 29, 2019          By:      /s/ Attison L. Barnes, III
                                       Attison L. Barnes, III (VA Bar No. 30458)
                                       David E. Weslow (*for pro hac admission*)
                                       WILEY REIN LLP
                                       1776 K St. NW
                                       Washington, DC 20006
                                       (202) 719-7000 (phone)
                                       (202) 719-7049 (fax)
                                       abarnes@wileyrein.com
                                       dweslow@wileyrein.com

                                       *Counsel for Plaintiff*
                                       *Opt Out Services LLC*