Registrant of poptouprescreened.com
DOMAIN MAY BE FOR SALE, CHECK AFTERNIC.COM
Domain Admin, Ramon Arias Avenue, Ropardi Building,
Office 3-C PO Box 0823-03015,
Panama City, Panam&#225 0823 PA

RECEIVED
JAN 1 3 2020
CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

US MARSHALS SERVICE

hasler
10/04/2019
US POSTAGE $0.



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| OPT OUT SERVICES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:19cv0676 (LO/JFA) |
| | ) |
| optoutprescreened.com, | ) |
| optoutprescreening.com, | ) |
| optoutpre-screen.com, | ) |
| wwwoptoutprescreen.com, | ) |
| poptoutprescreen.com, | ) |
| opt-outprescreen.com, | ) |
| | ) |
| Defendants. | ) |

F I L E D
OCT – 4 2019
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to

Federal Rule of Civil Procedure 55(b)(2).  (Docket no. 14).  Pursuant to 28 U.S.C. §

636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of

fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On May 29, 2019, plaintiff filed a two-count complaint against six domain names,

optoutprescreened.com, optoutprescreening.com, optoutpre-screen.com,

wwwoptoutprescreen.com, poptoutprescreen.com, and opt-outprescreen.com ("Defendant

Domain Names").  (Docket no. 1).  The complaint alleges a violation of the Anti-Cybersquatting

Consumer Protection Act ("ACPA") and trademark infringement under the Lanham Act.  (Id. ¶¶

39–57).  On June 20, 2019, plaintiff moved for service by publication.  (Docket no. 3).  The court

granted the motion on June 21, 2019, entering an order requiring plaintiff to publish notice of

1

this action. (Docket no. 6). Plaintiff arranged for publication in *The Washington Times* on June 28, 2019.[1] (Docket no. 7 at 2).

On August 8, 2019, plaintiff requested an entry of default as to the Defendant Domain Names (Docket no. 10), which the Clerk of Court entered on September 5, 2019 (Docket no. 11). On September 9, 2019, plaintiff filed this motion for default judgment (Docket no. 14) and noticed the hearing for Friday, October 4, 2019 at 10:00 a.m. (Docket no. 16). As set forth in the motion for default judgment, plaintiff seeks an order changing the registrar of record for the Defendant Domain Names to plaintiff's registrar of choice, GoDaddy.com LLC, and for plaintiff to be listed as the registrant for the domain names. (Docket no. 14 at 1). Plaintiff requests the second count of the complaint be dismissed without prejudice. (Docket no. 15 at 11). At the hearing on October 4, 2019, counsel for plaintiff appeared, but no one appeared on behalf of the Defendant Domain Names.

### Factual Background

The following facts are established by the complaint. (Docket no. 1) ("Compl."). Plaintiff provides a centralized service, available at www.optoutprescreen.com, to accept and process consumer requests to either "opt-in" or "opt-out" of firm offers of credit or insurance, in accordance with the Fair and Accurate Credit Transactions Act. (Compl. ¶¶ 18–19). The U.S. Federal Trade Commission ("FTC") and the Consumer Financial Protection Bureau ("CFPB") regularly promote plaintiff's service and have done so for nearly 15 years. (Compl. ¶¶ 19–21). As a result, plaintiff's OptOutPrescreen mark is distinctive across the United States. (Compl. ¶

---

[1] Plaintiff's Declaration misstates the date of publication in *The Washington Times* as July 28, 2019. (Docket no. 7 at 2). However, the Affidavit of Publication certifies the date of publication as June 28, 2019. (*Id.* Ex. A, at 6). Plaintiff's counsel confirms this date in a letter to the court submitted on July 9, 2019. (Docket no. 7-1 at 1).

2

21). Plaintiff's mark is also registered on the Principal Trademark Register of the U.S. Patent and Trademark Office. (Compl. ¶ 25).

The Defendant Domain Names all use typographical errors of plaintiff's mark with the purpose of directing traffic toward their websites. (Compl. ¶¶ 27–28). The websites either display pay-per-click advertisements or redirect visitors to third-party websites for sales solicitations. (Compl. ¶ 29). The registrants of the Defendant Domain Names receive compensation for each visitor who clicks on a link or who is automatically redirected. (Compl. ¶ 30). Some of the Defendant Domain Names are registered, or under the control of, the same person or entity. (Compl. ¶ 38).

## **Proposed Findings and Recommendations**

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure to plead or otherwise defend against this action, the Clerk of Court has entered a default as to the Defendant Domain Names. (Docket no. 11).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

3

## Jurisdiction and Venue

A court must have both subject matter jurisdiction and personal jurisdiction over a defaulting party before it can render a default judgment.  Plaintiff has asserted two claims: (1) a violation of the ACPA (15 U.S.C. § 1125(d)) and (2) trademark infringement under the Lanham Act (15 U.S.C. § 1114(1)(a)).  (Compl. ¶¶ 39–57).  Plaintiff alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and § 1338(a) (civil actions relating to trademarks).  (Compl. ¶ 13).

Plaintiff alleges that this court has *in rem* jurisdiction over the Defendant Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A) because the listed registrants of the Defendant Domain Names is a privacy service, a fictitious person or entity, or individual residing outside the United States over which plaintiff cannot obtain *in personam* jurisdiction and which it has been unable to identify despite its due diligence.  (Compl. ¶ 14).  Pursuant to 15 U.S.C. § 1125(d)(2)(C), plaintiff also alleges that venue is proper in this District because the registry for the Defendant Domain Names, VeriSign, Inc., is located here.  (Compl. ¶ 16).  Plaintiff alleges that the joinder of the Defendant Domain Names is proper under Federal Rule of Civil Procedure 20(a)(2) as the claims set forth in the complaint arise out of the same series of transactions, and the same questions of law are common to all the defendants.  (Compl. ¶ 17).

Given the uncontested allegations that the registry for the Defendant Domain Names is in this District, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the Defendant Domain Names, that joinder is appropriate, and that venue is proper in this court.

4

## Service

Rule 4(n)(1) of the Federal Rules of Civil Procedure provides that the court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under the rule. Fed. R. Civ. P 4(n)(1). Under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), if the court finds that the owner of a trademark through due diligence was not able to find a person who would have been a defendant for violating any right of the owner of a mark protected under subsections (a) or (c), a plaintiff may publish a notice of the action as directed by the court.

On June 20, 2019, plaintiff moved for notice by publication. (Docket no. 3). On June 21, 2019, this court granted plaintiff's motion for publication and directed it to publish a notice in either *The Washington Post* or *The Washington Times* no later than fourteen (14) days after the entry of the order. (Docket no. 6). On June 28, 2019, plaintiff published a notice in *The Washington Times*. (Docket no. 7). Plaintiff also affirmed that it sent a copy of the publication order to the registrants' postal and email addresses. (Docket no. 7 at 3). Based on the foregoing, the undersigned magistrate judge recommends a finding that service of process has been accomplished as set forth in 15 U.S.C. § 1125(d)(2)(A)(ii).

## Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a) and the notice published in *The Washington Times*, anyone making a claim to the Defendant Domain Names was required to file a responsive pleading by July 19, 2019, twenty-one (21) days after the notice of action was published. Fed. R. Civ. P. 12(a)(1). No responsive pleading has been filed and no other claims were filed, and the time for doing so has since expired. On August 8, 2019, plaintiff requested

an entry of default. (Docket no. 10). The Clerk of Court entered a default against the Defendant

Domain Names on September 5, 2019. (Docket no. 11).

For the reasons stated above, the undersigned magistrate judge recommends a finding

that notice of this *in rem* action was proper and that no one has made a timely claim to the

Defendant Domain Names, and that the Clerk of Court properly entered a default as to the

Defendant Domain Names.

## Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ

in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has

been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P.

8(b)(6). While the complaint alleges two claims against the defendants, plaintiff's motion for

default judgment only seeks an order transferring the registration of the Defendant Domain

Names to plaintiff. Accordingly, this report and recommendation focuses only on the ACPA

claim contained in Count I of the complaint.

Plaintiff has established a violation of the ACPA. As an initial matter, plaintiff contends

that it owns the OptOutPrescreen mark, that it owns the exclusive rights to use the mark, that it is

entitled to common law trademark rights, and that it is registered on the Principal Trademark

Register of the U.S. Patent and Trademark Office. (Compl. ¶¶ 24–26).

To establish an ACPA violation, plaintiff is required to prove: (1) that defendants had a

bad faith intent to profit from using the Defendant Domain Names, and (2) that the Defendant

Domain Names are identical or confusingly similar to, or dilutive of, a distinctive mark owned

by plaintiff. 15 U.S.C. § 1125(d)(1)(A); *see People for Ethical Treatment of Animals v.*

6

*Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). In determining whether a defendant acted in bad faith, a court may consider several factors, including:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;
>
> (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;
>
> (III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;
>
> (IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;
>
> (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
>
> (VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;
>
> (VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;
>
> (VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks or others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and
>
> (IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c)(1) of this section.

15 U.S.C. § 1125(d)(1)(B)(i); *see People for Ethical Treatment of Animals*, 263 F.3d at 368–69.

First, plaintiff has established that the registrants of the Defendant Domain Names had a bad faith intent to profit from using the Defendant Domain Names when they registered domain names likely to be confused with plaintiff's name with the intent to divert customers and derive compensation from them.  (Compl. ¶¶ 27–30, 34–35, 39–45).  Based on the factors set forth in 15 U.S.C. § 1125(d)(1)(B)(i), plaintiff has established that the registrants of the Defendant Domain Names: (1) do not have any trademark or intellectual property rights to plaintiff's mark, as evidenced by plaintiff's federal registration with the U.S. Patent and Trademark Office; (2) have represented misleading typographical errors of plaintiff's name; (3) have not engaged in offering *bona fide* goods and services; (4) have not engaged in non-commercial or fair use of plaintiff's mark, but rather derive profit from their internet visitors through pay-per-click advertisements or the automatic redirecting to a third-party sales solicitation website; (5) intend to divert consumers away from plaintiff's online location to their own with the resultant effect of harming the value and goodwill associated with plaintiff's mark; and (6) have provided likely false contact information when applying for the registration of their respective domain names with the intention of concealing the identity of the true owners.  (Compl. ¶¶ 25–30, 32–37, 47, 50–56)

Second, plaintiff has established that the Defendant Domain Names are confusingly similar to the distinctive mark owned by plaintiff.  The Defendant Domain Names use small typographical errors of plaintiff's mark.  (Compl. ¶ 27).  These marks benefit from the typographical mistakes of internet visitors when typing plaintiff's mark on their keyboards.  (Compl. ¶ 28).  Further, the website displays of the Defendant Domain Names are likely to be

8

confused with plaintiff's legitimate online location. (Compl. ¶ 34). Therefore, it is recommended that the court find plaintiff has established a violation of the ACPA.

## Relief

In this *in rem* action, plaintiff seeks the transfer of the Defendant Domain Names and dismissal of the remaining claim without prejudice. (Docket nos. 14 at 1, 15 at 11). Pursuant to 15 U.S.C. § 1125(d)(1)(C), "[i]n any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." This court has previously ordered the transfer of domain names where those domain names infringe on valid trademarks. *See Int'l Bancorp, L.L.C. v. Societe Des Bains De Mer Et Du Cercle Des Etrangers A Monaco*, 192 F. Supp. 2d 467, 490 (E.D. Va. 2002). Given that plaintiff has established a violation of the ACPA through the unauthorized use of plaintiff's mark by the Defendant Domain Names, the undersigned recommends the entry of an order requiring the transfer of the Defendant Domain Names to plaintiff and a dismissal of plaintiff's remaining claim without prejudice.

## Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of Opt Out Services LLC and against each of the Defendant Domain Names pursuant to Count I of the Complaint alleging a violation of the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)(1)(C)). The undersigned recommends it be ordered that VeriSign, Inc., the registry for the Defendant Domain Names, change the registrar of record for domain names optoutprescreened.com, optoutprescreening.com, optoutpre-screen.com, wwwoptoutprescreen.com, poptoutprescreen.com, and opt-outprescreen.com to GoDaddy.com

9

LLC, plaintiff's choice of registrar, and that GoDaddy.com LLC register the domain names in plaintiff's name. The undersigned further recommends that plaintiff's remaining claim be dismissed without prejudice.

### Notice

By means of the court's electronic filing system and by sending copies of these proposed findings of fact and recommendations to email addresses optoutprescreened.com@privacy.co.com; baomat@dichvubaomattenmien.vn; wwwoptoutprescreen@privacy.co.com; admin@whoisfoundation.com; and opt-outprescreen@domainsbyproxy.com; and mailing copies to: Savvy Investments, LLC Privacy ID# 987619 WY, US; Vietnam Domain Privacy Services, Ground Floor, 60 Nguyen Dinh Chieu, Dako Ward, District 1, HoChiMinh, Vietnam; Savvy Investments, LLC Privacy ID# 1120521 WY, US; DOMAIN MAY BE FOR SALE, CHECK AFTERNIC.COM Domain Admin, Ramon Arias Avenue, Ropardi Building, Office 3-C PO Box 0823-03015, Panama City, Panam&#225 0823 PA; and Registration Private, DomainsByProxy.com, Scottsdale Arizona 85260 US, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 4th day of October, 2019.

_____ /s/ _____
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

10